```
                 IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

IN RE:                              )     CHAPTER 11
                                    )
MID RIVER MINERALS, INC.            )     CASE NO. 09 B 18465
                                    )
                          DEBTOR.   )     HONORABLE JUDGE DOYLE
```

**MOTION FOR ENTRY OF A FINAL DECREE**
**AND TO SHORTEN NOTICE THEREOF**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES THE DEBTOR, MID RIVER MINERALS, INC., hereinafter referred to as "MID RIVER", by and through its Attorneys, ROUSKEY AND BALDACCI by CHRIS D. ROUSKEY, and in support of its Motion for Entry of a Final Decree and to Shorten Notice Thereof states to this Honorable Court as follows:

JURISDICTION AND VENUE

1.  That this Honorable Court has jurisdiction over this Motion pursuant to 28 U.S.C. 157 and 1334.  That this matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).  That venue for this Motion is proper pursuant to 28 U.S.C. 1408 and 1409.

2.  That the statutory predicates for the relief requested herein are Section 350(a) of the United States Bankruptcy Code ("Bankruptcy Code") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3022 and 9006(c)(1).

BACKGROUND

3.  That on May 21, 2009 ("Petition Date"), the Debtor, MID RIVER, filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.  That no Trustee, examiner, or creditor's committee was appointed in this case.

-1-

4. That on October 15, 2009, the Debtor, MID RIVER, filed its Plan of Reorganization ("Plan"); that on March 24, 2010, this Honorable court entered an Order confirming the Debtor's Plan of Reorganization; and that the Effective Date of Confirmation was April 24, 2010.

5. That pursuant to the Debtor, MID RIVER'S, Plan, Class 1 Claims consist of all Allowed Administrative Claims entitled to priority.

6. That pursuant to the Debtor, MID RIVER'S, Plan, Class 2 Claims consist of the Allowed Secured Claim of Standard Bank and Trust Company, which claim is to be paid pursuant to the terms of its Notes at a rate of $6,937.90 per month, said amount subject to modifications as set forth in the loan documents in effect at such time, until the entire principal balance is paid in full. That as of the date of the filing of this Motion, the Debtor is current in all monthly payments due and owing Standard Bank and Trust Company.

7. That pursuant to the Debtor, MID RIVER'S, Plan, Class 3 Claims consist of unsecured claims in an amount in excess of $10,000.00, with said claims being paid in ten semi-annual installments in the amount of $16,250.00 on a pro-rata basis commencing 180 days after the date of confirmation. The Debtor is not required to make a payment to Class 3 Claimants until September 24, 2010.

8. That pursuant to the Debtor, MID RIVER'S, Plan, Class 4 Claims consist of unsecured claims in an amount less than $10,000.00 but more than $1,000.00, with said claims being paid

in ten semi-annual installments in the amount of $2,350.00 on a pro-rata basis commencing 120 days after the date of confirmation. The Debtor is not required to make a payment to Class 4 Claimants until July 24, 2010.

    9. That pursuant to the Debtor, MID RIVER'S, Plan, Class 5 Claims consist of unsecured claims in an amount less than $1,000.00, with said claims being paid in a lump sum payment equal to 25% of their claim within 90 days after the date of confirmation. The Debtor has paid said payment.

THE COURT SHOULD ENTER A FINAL DECREE CLOSING THE DEBTOR'S CASE

    10. That Section 350(a) of the Bankruptcy Code provides in relevant part that "after an estate is fully administered and the Court has discharged the Trustee, the Court shall close the case".

    11. That the following is a list of non-exclusive factors or events that Courts often consider when determining whether to close a Chapter 11 case:

        (A) Whether deposits required by the Plan have been distributed.

        (B) Whether all property proposed by the Plan to be transferred has been transferred.

        (C) Whether the Debtor or the Successor of the Debtor under the Plan has assumed the business or management of the property dealt with by the Plan.

        (D) Whether payments under the plan have commenced.

(E) Whether the Order confirming the Plan has become final.

(F) Whether all Motions, contested matters, and adversary proceedings have been finally resolved.

12. That as of the date of the filing of this Motion, all deposits required by the Debtor, MID RIVER'S, Plan, have been distributed; all payments under the Plan have commenced and are current; the Order confirming the Plan has become final; and there are no Motions, other than this Motion, contested matters, and/or adversary proceedings presently pending before this Honorable Court.

13. That it is unnecessary to burden this Honorable Court's docket or to require the Debtor, MID RIVER, to pay additional administration fees until March 24, 2015, the date when all payments required to be paid pursuant to the Debtor's Plan have been paid in full. Therefore, it is appropriate for this Honorable Court to enter a Final Decree closing this case.

## BANKRUPTCY COURT SHOULD LIMIT NOTICE OF THE MOTION

14. That Notice of this Motion has been given to (a) the United States Trustee, (b) Counsel to the Debtor, MID RIVER'S, pre-Petition secured lenders; and (c) those parties that requested notice pursuant to Bankruptcy Rule 2002. Given that no other parties are receiving distributions or have participated at all in the case of the Plan confirmation process, sending other

parties Notice of this Motion is an unnecessary administrative burden to the Estate.

WHEREFORE, the Debtor, MID RIVER MINERALS, INC., respectfully requests that this Honorable Court enter an Order:

A.  Entering a Final Decree closing this Chapter 11 case.

B.  Shortening the length of time required for Notice of this Motion.

C.  Granting such other relief as is necessary and proper.

Respectfully Submitted,

**MID RIVER MINERALS, INC.,**
Debtor

BY    /s/
CHRIS D. ROUSKEY, Its Attorney
ROUSKEY AND BALDACCI
151 SPRINGFIELD AVENUE
JOLIET, ILLINOIS 60435
815-741-2118/FAX:815-741-0670
IL REGISTRATION NO. 03123595